IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID ISAAC PARKER-EL, #53719-037<br>Plaintiff,<br>v. | *<br><br>* | <br><br>CIVIL ACTION NO. RDB-15-3477 |
| JUDGE J. FREDERICK MOTZ<br>JOHN O. IWEANOGE, II<br>DEBORAH A. JOHNSTON<br>PAUL KENDALL NITZE<br>ELENA DOVE<br>JON MARSICANO, JR.<br>In their personal and official capacities<br>Defendants. | *<br><br>*<br><br>*<br><br>* | |

*****

## **MEMORANDUM OPINION**

After a three-day jury trial, during which he represented himself and appeared with standby counsel, David Isaac Parker-el was convicted on counts of conspiracy to import cocaine, importation of cocaine, and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 963, 960 & 841(a)(1). *See United States v. Parker-el*, Criminal No. JFM-11-459 (D. Md.). Criminal judgment was entered on November 5, 2012. On June 16, 2014, the United States Court of Appeals for the Fourth Circuit affirmed the judgment. *See United States v. Parker*, 576 Fed. Appx. 157 (4th Cir. 2014). Parker-el subsequently filed a Motion for New Trial or to Dismiss, a Demand for Mandatory Judicial Notice, and a Motion for Reversal of Sentence, the latter of which this Court construed as a Motion to Vacate.[1] *Id.* at ECF Nos. 136, 137, & 141. The Motions were all denied.

On November 13, 2015, Parker-el filed a Civil Rights Complaint and a Motion for Leave to Proceed In Forma Pauperis. ECF Nos. 1 & 2. He names as Defendants the federal trial court judge, federal prosecutors, his defense attorney, a government witness and a law enforcement officer

---

[1] Parker-el was provided proper notice of the Court's intention to construe his filing as a 28

involved in the aforementioned prosecution, accusing them of denying him a fair trial, attorney and prosecutorial misconduct, and providing false testimony. Parker-el further claims that a law enforcement officer lacked authority to bring the criminal complaint against him. ECF No. 1. He asks that his convictions be overturned and that he be awarded punitive damages. *Id*. Because he appears indigent, Parker-el's Motion for Leave to Proceed In Forma Pauperis shall be granted. His Complaint shall be summarily dismissed.

28 U.S.C. § 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009); 28 U.S.C. § 1915(a). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); S*ee also Williamson v. Angelone,* 197 F. Supp.2d 476, 478 (E.D. Va. 2001); *see also McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The screening is necessary to determine whether Defendants should be required to respond to the action.

To the extent that Parker-el is seeking damages under a 42 U.S.C. § 1983/28 U.S.C. § 1331 civil rights theory related to government employees' alleged illegal acts involving his criminal case, the case shall be summarily dismissed without prejudice as the claims are not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

U.S.C. § 2255 Motion to Vacate as required under *Castro v. United States*, 540 U.S. 375 (2003).

The plaintiff in *Heck*, an Indiana state prisoner, sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-7 (emphasis in original).

Parker-el's claims are inextricably interwoven with the constitutionality of his federal criminal charges and resulting convictions. Under *Heck,* he may not use a § 1983/*Bivens* action as a mechanism for challenging the validity of his conviction.[2] Accordingly, as his federal conviction

---

[2] The rationale in *Heck* applies with equal force to 28 U.S.C. § 1331 actions filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Messer v. Kelly*, 129 F. 3d 1259, at *1 (4th Cir. 1997*); see also Lora-Pena v. F.B.I.,* 529 F.3d 503, 506 n.2 (3d Cir. 2008)*; Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995).

has not been declared invalid, all of Parker-el's claims should be dismissed under *Heck.* Consequently, this Complaint shall be summarily dismissed without prejudice. A separate Order follows.

Date:  November 19, 2015                       /s/
                                       RICHARD D. BENNETT
                                       UNITED STATES DISTRICT JUDGE